IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00322-CR

 

John Allan Lewis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2009-552-C2

 



MEMORANDUM  Opinion



 

A jury found John Allan Lewis guilty of
felony driving while intoxicated, see Tex.
Penal Code Ann. §§ 49.04(a), 49.09(b) (Vernon 2011), and assessed his
punishment, enhanced by a previous felony conviction, at sixteen years’
imprisonment and a $10,000 fine.  This appeal ensued.  We will affirm.

In his first issue, Lewis contends that
the trial court erred in giving the parole law instruction required by article
37.07, section 4(a) of the Code of Criminal Procedure in the punishment
charge.  Lewis complains
that the instruction
language concerning “good conduct time” is misleading because it improperly
implies that a person may be released from prison early without any parole
solely due to accruing good conduct time. 

Because Lewis did not object
to the charge on this basis, error will not result in reversal of his
conviction in the absence of “egregioius harm.”  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on
reh’g)).  In examining the record for egregious harm, we consider the entire
jury charge, the state of the evidence, the final arguments of the parties, and
any other relevant information revealed by the record of the trial as a whole. 
Olivas v. State, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).  Jury
charge error is egregiously harmful if it affects the very basis of the case,
deprives the defendant of a valuable right, or vitally affects a defensive theory. 
Stuhler
v. State, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); Sanchez v.
State, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

There is a presumption that the jury
followed the charge’s instructions.  See
Luquis v. State, 72
S.W.3d 355, 366 (Tex. Crim. App. 2002); Hooper v. State, 255 S.W.3d 262,
271 (Tex. App.—Waco 2008, pet. ref’d).  Thus, we presume that the jury followed
the trial court’s instructions and did not consider parole:  “However, you are
not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular Defendant.  You are not to consider the manner in
which the parole law may be applied to this particular Defendant.”  See
Hooper, 255 S.W.3d at 271.  Absent evidence or indications to the contrary,
this presumption prevails.  Id. at 271-72.

Lewis has not demonstrated a reasonable
likelihood that the jury was, in fact, misled or that it assessed a higher
sentence based upon any misconstruction of the parole law charge.  Nothing in
the record suggests that the jury discussed, considered or tried to apply
(despite the judicial admonition not to apply) what they were told about
good conduct time and parole.  Neither the prosecutor nor defense attorney
discussed good conduct time or parole in argument or urged the jury to assess a
greater (or lesser) sentence based upon good conduct time or parole.  The jury
did not send out any notes indicating or expressing confusion about the
possible application of good conduct time or parole to Lewis.  The jury did not
assess the maximum sentence for the offense.  See
Luquis, 72 S.W.3d at
366-68; Hooper, 255 S.W.3d at 272.

Thus, assuming without deciding that the
trial court erred, we conclude that any alleged error did not result in egregious
harm.  We overrule Lewis’s first issue.

In his second issue, Lewis contends that
the trial court erred by instructing the jurors in the punishment charge that
they should not let “sympathy” affect their deliberations or verdict.  We have
previously decided this issue against Lewis’s position and see no occasion to
revisit our ruling.  See Wilson v. State, 267 S.W.3d 215, 219-20 (Tex.
App.—Waco 2008, pet. ref’d) (citing Saffle v. Parks, 494 U.S. 484, 489,
110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not
“be allowed to base the sentencing decision upon the sympathy they feel for the
defendant after hearing his mitigating evidence”)).  We overrule Lewis’s second
issue.

In his third issue, Lewis contends that the
trial court erred by refusing to grant a mistrial after the prosecutor
improperly commented on Lewis’s failure to testify during the State’s closing
argument in the punishment phase of trial.  The argument at issue is:

            [PROSECUTOR]:  He’s lucky
that this isn’t his second DWI felony.  The third offense can be a felony. 
This is his fourth offense.  He’s lucky the last time his last third offense
was not a felony.  He was able -- he got a break there.  He got a break in that
he got three misdemeanors.  Now -- now it’s time.  Now he’s got to answer for
this, ladies and gentlemen.  He’s shown absolutely no acceptance of
responsibility here.  He’s absolutely shown no remorse.

 

            [DEFENSE COUNSEL]:  Your
Honor, we’d object to that.  It’s commenting on his not testifying in this
trial, Judge.

 

            THE COURT:  Sustained.

 

            [DEFENSE COUNSEL]:  We’d ask
that the jury disregard that last comment.

 

            THE COURT:  I’ll instruct
the jury to disregard the last comment of counsel and not to consider it for
any purpose in reaching a verdict in this matter.

 

            [DEFENSE COUNSEL]:  And we’d
move for a mistrial, Judge.

 

            THE COURT:  That’s denied.

 

            [DEFENSE COUNSEL]:  Thank
you, Your Honor.

 

Jury argument is limited to: (1)
summations of the evidence; (2) reasonable deductions from the evidence; (3)
answers to argument of opposing counsel; and (4) a plea for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).  “A comment on an
accused’s failure to testify violates the accused’s state and federal
constitutional privileges against self-incrimination.”  Smith v. State, 65
S.W.3d 332, 339 (Tex. App.—Waco 2001, no pet.); see also Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005).

The State argues that the prosecutor’s
statements cannot be fairly read to be a comment on Lewis’s failure to testify;
however, we will assume without deciding that the prosecutor improperly
commented on Lewis’s failure to testify and will proceed to a mistrial
analysis.

The denial of a
motion for mistrial, which is appropriate for “highly prejudicial and incurable
errors,” is reviewed under an abuse of discretion standard. See Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting Wood v. State,
18 S.W.3d 642, 648 (Tex. Crim. App. 2000)); Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999). 

 

[T]he question of whether a mistrial
should have been granted involves most, if not all, of the same considerations
that attend a harm analysis. A mistrial is the trial court’s remedy for improper
conduct that is “so prejudicial that expenditure of further time and expense
would be wasteful and futile.” In effect, the trial court conducts an appellate
function: determining whether improper conduct is so harmful that the case must
be redone. Of course, the harm analysis is conducted in light of the trial
court’s curative instruction. Only in extreme circumstances, where the
prejudice is incurable, will a mistrial be required. 

 

Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Thus, the appropriate test for
evaluating whether the trial court abused its discretion in overruling a motion
for mistrial is a tailored version of the test originally set out in Mosley
v. State, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998), a harm analysis
case. See Hawkins, 135 S.W.3d at 77. The Mosley factors that we
consider in determining whether the trial court abused its discretion in
denying a mistrial during the punishment phase are: (1) the prejudicial effect,
(2) curative measures, and (3) the likelihood of the same punishment being
assessed. Hawkins, 135 S.W.3d at 77; see Mosley, 983 S.W.2d at
259. 

 

Abbott v. State, 196 S.W.3d 334, 347 (Tex. App.—Waco
2006, pet. ref’d).

            Considering the Mosley
factors, we cannot say that the trial court abused its discretion in denying
the motion for mistrial.  Any prejudicial effect of the prosecutor’s remark was
not incurable because the comment was indirect and not flagrantly improper. 
The trial court’s instruction to disregard was the proper curative measure in
this instance, see Wesbrook v. State, 29 S.W.3d 103, 115-16 (Tex. Crim.
App. 2000), and the law generally presumes that instructions to disregard and
other cautionary instructions will be duly obeyed by the jury.  Archie v.
State, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011).  Finally, Lewis was
facing a sentence of twenty years’ imprisonment and a $10,000 fine for this
felony DWI.  Punishment evidence included Lewis’s numerous prior convictions: a
felony conviction for possession of a controlled substance (methamphetamine)
and three misdemeanor convictions for DWI.  The likelihood of the same
punishment being assessed without the State’s comment is very high.  See
Hawkins, 135 S.W.3d at 85.  We overrule Lewis’s third issue.

Having overruled all Lewis’s issues, we
affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion
delivered and filed August 3, 2011

Do
not publish

[CR25]